IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JESSE JAMES COPEN,**

    Petitioner,

v.                                      CIVIL ACTION NO.: 3:22-CV-78
                                             (GROH)

**KELLY LANHAM,**

    Respondent.

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on August 3, 2022. ECF No. 10. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's habeas petition with prejudice. The Petitioner timely filed his objections to the R&R on August 19, 2022, along with a motion for leave to file excess pages. ECF Nos. 12, 13. Accordingly, this matter is now ripe for adjudication.

### I.     Background

On April 27, 2022, the Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, while incarcerated at the Tygart Valley Regional Jail. ECF No. 1. Therein, the Petitioner raises four grounds for relief: (1) he was arrested for a parole violation and requested a hearing, (2) his parole hearing was continued, (3) his children's grandmother

"took" his children after he refused to sign over custody to her, and (4) after his children were taken, he was released from custody, and he is now in fear for his life. ECF No. 1 at 5-7. For relief, the Petitioner makes three requests: (1) compensation for the six months he spent in jail, (2) his children returned to his custody, and (3) for "those responsible to pay for their actions." ECF No. 1 at 8.

On August 3, 2022, Magistrate Judge Trumble entered an R&R in this matter. ECF No. 10. Therein, Magistrate Judge Trumble highlighted that at no point in the Petitioner's habeas petition does the Petitioner argue for his release from custody, to shorten his incarceration, or to restore any good time credit. Because the Petitioner raises claims and seeks relief that do not affect the fact or duration of his confinement, Magistrate Judge Trumble found that the Petitioner's claims are inappropriate for consideration under 28 U.S.C. § 2241.[1] Ultimately, Magistrate Judge Trumble recommended that this Court deny and dismiss with prejudice the Petitioner's habeas petition for failing to assert a claim for which relief can be granted under 28 U.S.C. § 2241.

On August 19, 2022, the Petitioner timely filed his objections to the R&R. ECF No. 13. The Petitioner also filed a Motion for Leave to File Excess Pages [ECF No. 12] with his objections. The Petitioner's habeas petition, motion for leave, and objections are now before this Court for consideration.

## II.     Legal Standards

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made.

---

[1] Magistrate Judge Trumble also noted that, even if the Petitioner had stated a claim based upon the fact or duration of his confinement, that his claims would still be subject to dismissal for failure to exhaust his administrative remedies because he affirmatively indicated on his habeas form that he had not presented his claims to the jail's internal grievance procedure. ECF No. 1 at 7.

2

However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-

3

recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III.   Analysis

As an initial matter, the Court will **GRANT** the Petitioner's Motion for Leave to File Excess Pages [ECF No. 12] as it was timely filed. The Court will consider the entirety of the filed objections. ECF No. 13. Nonetheless, upon review of the filings, the Court finds that the Petitioner provides no relevant material facts or arguments in his objections to the R&R.

Indeed, the Petitioner only vaguely objects to the dismissal of his petition without identifying any specific finding of the magistrate that he takes issue with. In his objections, the Petitioner lists numerous constitutional arguments including that the dismissal of his

petition amounts to a violation of his first, second, fourth, fifth, sixth, eighth, ninth, and fourteenth amendment rights. However, these arguments are inappropriate for consideration under 28 U.S.C. § 2241,[2] and they do not relate to any finding or recommendation of the magistrate in the R&R.

The Petitioner's attachments to his objections are even less helpful. The Petitioner has provided the Court with his parole discharge paperwork, a notice regarding the opening of an insurance claim, a digital form note from a nurse allowing him to have an ace bandage, printed pages of the West Virginia Code, handwritten definitions relating to habeas corpus, a typed letter from the Petitioner to a circuit court judge requesting that charges against his son be dropped, a state criminal judgment order, and an inmate time sheet from the West Virginia Division of Corrections. The Petitioner provides no context for these attachments nor presents an argument that relies on these documents for support.

Ultimately, the Petitioner has failed to direct this Court to any specific error by the magistrate judge, making de novo review is unnecessary. Green, 644 F. Supp. 2d at 730 ("When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." (citing Orpiano, 687 F.2d at 47)). Because the Petitioner only makes a general objection to the dismissal of his petition, the Court will review the R&R for clear error. See Taylor, F. Supp. at 253.

---

[2] Federal law provides two main avenues for relief for issues related to imprisonment: (1) a petition for habeas corpus and (2) a complaint pursuant to 42 U.S.C. § 1983. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted).

5

Upon review of the R&R for clear error, the Court finds none. Magistrate Judge Trumble applied the appropriate legal analysis to the facts presented and provided recommendations consistent with his analysis. To the extent that the Petitioner objects generally to the recommendation that his petition be dismissed, his objection is **OVERRULED**.

### IV.  Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 10] should be, and is hereby, **ORDERED ADOPTED**. For the reasons more fully stated in the R&R, the Court **ORDERS** that the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state claim for which relief can be granted under 28 U.S.C. § 2241. However, the Petitioner's Motion for Leave to File Excess Pages [ECF No. 12] is **GRANTED**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: February 13, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE